# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE HEATING, PIPING
AND REFRIGERATION PENSION
FUND *et al.*,                                          *
                                                        *
      Plaintiffs,                                *
                                                        *
  v.                                           *      Civil Action No. 8:25-cv-2584-PX
                                                        *
                                                        *
ROMAN MECHANICAL, INC.                                  *
                                                        *
    Defendant.

****** 

## MEMORANDUM ORDER

Pending is Defendant Roman Mechanical, Inc. ("Roman Mechanical")'s motion to for an extension of time to respond to Plaintiffs Trustees of the Heating, Piping and Refrigeration Pension Fund, Trustees of the Heating, Piping and Refrigeration Medical Fund, Trustees of the Heating, Piping and Refrigeration Training Fund, Trustees of the M. Eddie Moore Scholarship Trust Fund, Trustees of the Industry Promotion Fund, Trustees of the Local 602 Communications and Productivity Fund, Trustees of the Steamfitters Local 602 Retirement Savings Fund, Trustees of the International Training Fund and Steamfitters Local Union No. 602 (the "Trustees')' Complaint, which the Court construes as a motion to vacate the Clerk's entry of default.  ECF No. 12.  The issues are fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the Court GRANTS the motion.

The Trustees filed this collections action on August 6, 2025, alleging that Roman Mechanical violated a range of fiduciary obligations under the Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1001 *et seq*., for failing to contribute to the Trustees' benefit funds pursuant to their collective bargaining agreements. ECF No. 1. The Trustees served Roman Mechanical on August 8, 2025. ECF No. 7.

On September 19, 2025, the Trustees moved for Clerk's entry of default based on Roman Mechanical's failure to timely respond to the Complaint. ECF No. 8. The Clerk entered default under Federal Rule of Civil Procedure 55(a), ECF No. 9, and advised Roman Mechanical that it must move to vacate the default within 30 days or any pending motions for default judgment will be adjudicated without delay. ECF No. 10. The Trustees have not moved for default judgment. Thirty-four days later, on October 23, 2025, Roman Mechanical filed its motion. ECF No. 12. In the motion, Roman Mechanical reports that it has paid to the Trustees the amounts owed "except for interest and reasonable attorneys' fees." *Id.* ¶ 2. Further, according to Roman Mechanical, the parties also appear to have reached a settlement in principle, but the settlement had not been finalized. *Id.* ¶ 4. The Trustees argue that the Court should not "excuse" Roman Mechanical's "neglect" of this case because Roman Mechanical was "acutely aware" of the lawsuit in light of ongoing settlement negotiations. ECF No. 13 ¶ 9.

Although the Trustees urge the Court to employ the more burdensome "excusable neglect" standard, Rule 55(c) allows the Court to set aside the Clerk's entry of default for good cause. Fed. R. Civ. P. 55(c). *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc*., 616 F.3d 413, 420 (4th Cir. 2010) ("Rule 60(b)'s 'excusable neglect' standard is a more onerous standard than Rule 55(c)'s 'good cause' standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality."). The Fourth Circuit has announced a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co*., 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide relief

from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* Six factors guide the analysis: (1) whether the movant has a meritorious defense, (2) whether the movant acted with reasonable promptness, (3) whether the movant bears personal responsibility for the entry of default, (4) any prejudice to the non-moving party, (5) any history of dilatory action, and (6) the availability of lesser sanctions short of default judgment. *See Colleton Preparatory Acad., Inc*, 616 F.3d at 417; *see also Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). As discussed below, the factors, on balance, support vacatur of the default.

First, it appears that Roman Mechanical has all but conceded liability in satisfying the outstanding monies owed save for interest and reasonable attorneys' fees. Thus, this factor cuts in favor of the Trustees. The remaining factors, however, favor Roman Mechanical. Each is discussed in turn.

Roman Mechanical filed its motion only four days after the Clerk's deadline, which is within the bounds of reasonable promptness. ECF No. 12. *See Colleton Preparatory Acad., Inc*., 616 F.3d at 418 (nine days); *Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dept. of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) (eight days). Roman Mechanical also did not intentionally ignore the deadlines or act with "complete disregard for the mandates of procedure and the authority of the trial court." *Mezu v. Morgan State Univ*., No. CIV.A. WMN-09-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010) (quoting *Mobil Oil Co. De Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir.1993)) (unpublished table decision). Rather, it had been engaging in what appears to be productive settlement discussions with the Trustees to resolve the matter. ECF No. 12 ¶¶ 2–4. Next, the Trustees are not prejudiced by the

brief delay in the case, and in any event, delay alone "does not, in and of itself, constitute prejudice to the opposing party." *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013). *See also Ruano v. Scratch Kitchen & Bistro, LLC*, No. CV DKC 23-2461, 2025 WL 1697443, at *8 (D. Md. June 17, 2025). Nor does the record suggest that Roman Mechanical engaged in dilatory behavior. *Cf. Dominion Fin. Servs., LLC v. Pavlovsky*, No. CV JKB-22-00705, 2022 WL 4631072 (D. Md. Sept. 30, 2022) (finding dilatory behavior where defendant failed to participate in discovery, evaded service and confused the legal process). Finally, the Court has at its disposal other less draconian sanctions such as fee shifting. *See Trs. of Sheet Metal Workers' Local Union No. 5 & Iron Workers Emp'rs Ass'n, Emp. Pension Tr. v. R. Stoddard, LLC*, No. GJH-17-3286, 2019 WL 1128518, at *2 (D. Md. Mar. 8, 2019) ("It is an appropriate lesser sanction to award attorneys' fees when a party defaults."). For these reasons, vacatur of the Clerk's default entry is warranted.

Accordingly, it is this 16th day of December 2025, by the United States District Court for the District of Maryland, **ORDERED** that:

1. The Motion to Vacate Order of Default filed by Defendant Roman Mechanical, Inc. (ECF No. 12) is **GRANTED**; and

2. Roman Mechanical, Inc. **SHALL** answer or otherwise respond to the Complaint by no later than 14 days from the date of this Order.

December 16, 2025                                        /s/
Date                                                   Paula Xinis
                                                       United States District Judge