**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION PENSION FUND *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 8:25-cv-2584-PX |
| | * | |
| | * | |
| ROMAN MECHANICAL, INC. | * | |
| | * | |
| Defendant. | | |

**\*\*\*\*\*\***

**MEMORANDUM ORDER**

Pending is Defendant Roman Mechanical, Inc. ("Roman Mechanical")'s motion to dismiss the Complaint filed by Plaintiffs Trustees of the Heating, Piping and Refrigeration Pension Fund, Trustees of the Heating, Piping and Refrigeration Medical Fund, Trustees of the Heating, Piping and Refrigeration Training Fund, Trustees of the M. Eddie Moore Scholarship Trust Fund, Trustees of the Industry Promotion Fund, Trustees of the Local 602 Communications and Productivity Fund, Trustees of the Steamfitters Local 602 Retirement Savings Fund, Trustees of the International Training Fund and Steamfitters Local Union No. 602 (the "Trustees").  ECF No. 17.  The issues are fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the Court denies the motion.

The Trustees filed this Complaint on August 6, 2025.  ECF No. 1.  Roman Mechanical was served on August 8, 2025, but Roman Mechanical never responded to the pleading.  ECF No. 7.  The Clerk thereafter entered default under Federal Rule of Civil Procedure 55(a), ECF No. 9, and

1

on October 23, 2025, Roman Mechanical moved for an extension of time to answer the Complaint, ECF No. 12, which the Court construed as a motion to vacate the Clerk's entry of default, ECF No. 16.  Applying the six *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006) factors, the Court found good cause to set aside the entry of default and ordered that Roman Mechanical answer or otherwise respond to the Complaint within fourteen days.  ECF No. 16.

Roman Mechanical subsequently moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing solely that this Court lacks subject matter jurisdiction to hear the claims.  ECF No. 17.  In particular, Roman Mechanical contends that because it has paid the Trustees $2,241, which according to it, resolved the dispute, no live case or controversy continues, thus depriving this Court of standing to hear the case.  *Id.*  The Trustees respond that $2,241 does not encompass the entirety of payments owed under the operative Trust Agreements and Collective Bargaining Agreement and so the case and controversy lives on.  ECF No. 24.

It is undisputed that where a case is moot, the Court lacks jurisdiction to consider it.  *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (mootness constitutes part of the limit on federal court jurisdiction); *Int'l Brotherhood of Teamsters, Local Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 235–36 (4th Cir. 2018).  Mootness can arise after suit where "intervening factual or legal events effectively dispel the case or controversy."  *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).  "Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."  *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).  If a case is moot, and the Court cannot possibly provide effective relief, then the Court lacks jurisdiction to hear the case and dismissal is warranted.  *See Int'l Brotherhood of Teamsters, Local Union No. 639*, 885 F.3d at 235.

The Trustees principally contend that Roman Mechanical's $2,241 does not moot the case because the check has not cleared and the payment does not account for "liquidated damages associated with the aforementioned delinquent contributions" pursuant to the relevant agreements. ECF No. 24 at 9.  In this respect, the jurisdictional facts are "so intertwined with the facts upon which the ultimate issues on the merits must be resolved." *Adams v. Bain*, 697 F.2d 1213, 1220 (4th Cir. 1982).  Thus, the tendered payment does not render the claims moot.  *See, e.g.*, *Simmons*, 634 F.3d at 767 (finding an offer of relief short of an offer of judgment did not moot claims); *Mitchell Tracey v. First Am. Title Ins. Co.*, 935 F. Supp. 2d 826, 838 (D. Md. 2013) (finding a live controversy where there existed a concern regarding the "defectiveness" of the check and where plaintiffs "may be entitled to relief beyond the amount" tendered by defendant).

Accordingly, it is this 28th day of April 2026, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1.  Defendant Roman Mechanical, Inc.'s motion to dismiss is **DENIED**;

2.  Within twenty-one (21) days from the date of this Order, Roman Mechanical **SHALL** answer the Complaint; and

3.  The Clerk is further directed to **TRANSMIT** copies of this Order to the parties

/s/
Paula Xinis
United States District Judge

3